**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

JESSIE ADAMS                                                                                    PLAINTIFF

v.                                                                                  No. 3:26-cv-00014-MPM-RP

SERGIO JIMENEZ                                                                              DEFENDANTS

<u>**ORDER OF DISMISSAL**</u>

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Roy Percy entered on February 19, 2026 [5]. The R&R recommends that the Court dismiss Plaintiff Jessie Adams' Complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim. The Court has reviewed the record and finds that the R&R should be adopted.

On January 20, 2026, Jessie Adams filed this *pro se* action against Sergio Jimenez. *See* [1]. Because Ms. Adams is seeking leave to proceed *in forma pauperis* [2], her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the reasons stated below, the Court finds that Ms. Adams' complaint fails to state a claim on which relief may be granted.

Ms. Adams one-page complaint, in its entirety, alleges the following:

"1. Upon information and belief, Defendant ex parte communications with certain individuals, 2. Defendant conspired with others in violation of due process, [and] 3. The Basis for federal court jurisdiction is federal law. … Plaintiff demands a sum of money estimated over $400,000."

*See* [1]. This blanket assertion falls far short of a plausible claim. Ms. Adams' provides no facts in support of her allegations that Mr. Jimenez engaged in ex parte communications and in conduct that violated her right to due process. Conclusory allegations or legal conclusions masquerading as factual conclusions are insufficient to state a claim. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

On January 23, 2026, United States Magistrate Judge Roy Percy ordered Ms. Adams to show cause, no later than February 6, 2026, as to why her case should not be dismissed for failure to state a claim on which relief may be granted. *See* [4]. Ms. Adams did not respond to the Order to Show Cause and the Order was returned as undeliverable. *See* [6].

On February 19, 2026, United States Magistrate Judge Roy Percy issued a Report and Recommendation [5] recommending that this case be dismissed without prejudice. The R&R referred Ms. Adams to Federal Rule of Civil Procedure 72(b) for the appropriate procedure to file objections within fourteen (14) days. Ms. Adams did not object to the R&R, and it was, likewise, returned as undeliverable. *See* [7].

IT IS, THEREFORE, ORDERED that:

1. The Report and Recommendation [5] is ADOPTED as the opinion of the Court;

2. Plaintiff Jessie Adams' application to proceed *in forma pauperis* [2] is DENIED; and

3. Plaintiff Jessie Adams' Complaint [1] is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate judgment will be entered on this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 16th day of March, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI